IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| WILLIAM E. BUCKLEY, | ) | Cause No. CV 06-105-GF-SEH-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| JAMES MacDONALD, Warden, CCC; | ) | |
| DR. ROD WYATT, CCC; CORRECTION | ) | |
| CORPORATION OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On November 22, 2006, Plaintiff William Buckley moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. That motion was granted in a separate Order. Buckley is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

(en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Buckley's Allegations

Buckley alleges that Defendant Dr. Wyatt saw him on October 4, 2006, for an anxiety attack. Dr. Wyatt prescribed a medication called Geodon. On October 6, 2006, Buckley told staff that he was experiencing "the shakes" and some "mental changes." He was told

that he should give the medication time to take effect.  On October 9, 2006, he told staff that he was still experiencing the same problems.  He was seen on October 10, 2006, at which time his blood pressure was found to be 117/234, an extremely high reading.  He was immediately placed on Atavan for two days to bring down his blood pressure.  He later discovered that Geodon is prescribed for schizophrenia, not anxiety.  See Compl. (Court's doc. 1) at 3-4, ¶ IV.A.1.

Buckley states that he suffered "the shakes," "mental changes," high blood pressure, and irregular pulse as a result of being placed on Geodon.  He also asserts that he is continuing to experience "the shakes" and "mental changes" and that these effects may be fatal and may continue for years to come.  Id. at 4, ¶ V.

For his relief, Buckley seeks $100,000.00 in compensatory damages.  He also asks the Court to commence an investigation into the medical staff and operation of Crossroads and to order that Geodon not be prescribed to persons similarly situated to him.  Id. at 4-6, ¶ VI.

### III. Analysis

The Eighth Amendment requires that prisoners receive adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  See also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).  Prisoners must also be protected

from serious risks to their health.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 837 (1994); Helling v. McKinney, 509 U.S. 25, 33-34 (1993); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995).

To show a violation of the Eighth Amendment, a prisoner must show both (1) that he was confined under conditions posing a risk of objectively sufficiently serious harm and (2) that the officials had a sufficiently culpable state of mind in denying the proper medical care.  Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003) (quoting Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002)) (internal quotation marks omitted).  The pertinent state of mind is "deliberate indifference."  Deliberate indifference under an Eighth Amendment medical care claim requires consideration of "the seriousness of the prisoner's medical need" and "the nature of the defendant's response to that need."  McGuckin, 974 F.2d at 1059.  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id. (quoting Estelle, 429 U.S. at 104).

Buckley has not alleged facts that demonstrate deliberate indifference.  Even if Dr. Wyatt should not have prescribed Geodon in the first place - and that Court takes no position on that issue – the allegations of the Complaint plainly establish that Dr. Wyatt attempted to address Buckley's legitimate medical needs.  In fact, Buckley's needs were addressed throughout the six-day period in

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

question and medical staff responded quickly to his situation.

Because there are no facts alleged to demonstrate an Eighth Amendment violation, the Court need not consider other deficiencies in Buckley's Complaint.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Buckley's Complaint (Court's doc. 1) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted and the docket should reflect that Buckley's filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[1] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Plaintiff must immediately inform the Court of any change in</u>

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

<u>his mailing address.</u>

    DATED this 30th day of November, 2006.

                                  <u>/s/ Carolyn S. Ostby</u>
                                  Carolyn S. Ostby
                                  United States Magistrate Judge